[Cite as *State ex rel. Smith v. Portage Cty. Sheriff Dept.*, 2024-Ohio-5875.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
SMITH,

    Relator,

  - vs -

PORTAGE COUNTY SHERIFF
DEPARTMENT,

    Respondent.

CASE NO. 2024-P-0076

Original Action for Writ of Mandamus

---

### P E R   C U R I A M
### O P I N I O N

Decided: December 16, 2024
Judgment: Petition dismissed

---

*David M. Smith*, pro se, PID# 00018757, Portage County Justice Center, 8240 Infirmary Road, Ravenna, OH 44266 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} Pending before this court is a petition captioned Mandamus, filed by relator, David M. Smith, on November 13, 2024. Smith "seeks a Writ of Mandamus ordering respondent, Sonny Jones of the Portage [County] Sheriffs Department, to provide documents that Smith requested under Ohio's Public Records Act, R.C. 149.43."

{¶2} According to the Mandamus petition, Smith is an inmate of the Portage County Jail: "Relator Smith was brought to Portage [County] Jail on September 27th 2024

for a new trial." The petition also attests that Smith is involved in ongoing civil litigation: "Upon Smith being brought to Portage he had a box of legal material with him. … Relator Smith has a Civil [Suit] Smith v OPPY 2:24-cv-681 and it[']s still on going. In that legal Box still contains Material dealing with that Complaint."

{¶3} Under Ohio law, "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). "An inmate's failure to comply with R.C. 2969.25(A) justifies dismissal of an action seeking an extraordinary writ." *State ex rel. Walker v. Ballinger*, 2024-Ohio-181, ¶ 7. If the inmate has not filed a civil action in the previous five years, the inmate is not required to file an affidavit. *Walker* at ¶ 9 ("the statute does not require a statement that the inmate has filed no such civil action or appeal").

{¶4} In the present case, Smith's Mandamus petition attests to the existence of at least one such civil action filed in the previous five years but fails to include the affidavit required by R.C. 2969.25(A). Dismissal of an action sua sponte and without notice "is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief." (Citation omitted.) *State ex rel. Acosta v. Mandros*, 2024-Ohio-4891, ¶ 10.

{¶5} Presuming the truth of the factual allegations of Smith's petition and making all reasonable inferences in his favor, it is beyond doubt that he has failed to comply with

2

R.C. 2969.25(A) despite being required to do so and, therefore, is not entitled to the requested relief in mandamus.

{¶6} For the foregoing reason, Smith's Mandamus petition is, sua sponte, dismissed for failure to state a claim.


EUGENE A. LUCCI, P.J., MATT LYNCH, J., ROBERT J. PATTON, J., concur.

Case No. 2024-P-0076